Filed 4/19/21  Dickerson v. Dept. of Corrections and Rehabilitation CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GREGORY DICKERSON,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION et al.,<br><br>Defendants and Respondents. | F079047<br><br>(Super. Ct. No. BCV-101885)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

Gregory Dickerson, in pro. per, for Plaintiff and Appellant.

Xavier Becerra, Attorney General, Monica N. Anderson, Assistant Attorney General, Neah Huynh, Deputy Attorney General, for Defendants and Respondents.

-ooOoo-

---

[*]	Before Poochigian, Acting P.J., Franson, J. and Smith, J.

Plaintiff, a prison inmate, brought this action against the Department of Corrections and Rehabilitation (CDCR) and its personnel, alleging defendants failed to initiate the process to have him considered by the trial court for a recall of his sentence and resentencing under Penal Code section 1170, subdivision (d)(1). Defendants demurred to the first amended complaint, and the trial court sustained the demurrer without leave to amend, finding plaintiff's claims were barred by governmental immunity. We conclude plaintiff's first amended complaint failed to state a viable cause of action against any defendant, and plaintiff has not demonstrated his pleading could be amended to cure the defects. Accordingly, we affirm the judgment against him.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a state prisoner acting in propria persona, filed a complaint against the CDCR and three of its employees. The complaint was served on the CDCR on September 6, 2018. The CDCR filed a demurrer in response to the complaint on October 9, 2018. The trial court sustained the CDCR's unopposed demurrer with leave to amend. Plaintiff also served the individual defendants with the original complaint; they demurred to it and plaintiff opposed the demurrer. The trial court sustained the individuals' demurrer with leave to amend.

Plaintiff filed a first amended complaint. It contained causes of action labeled breach of mandatory duty, negligence (against all defendants), negligence (against the CDCR only), and willful misconduct. It alleged defendants had a duty, pursuant to California Code of Regulations, title 15, section 3076.2, to request a recall of plaintiff's sentence when there was a discrepancy in the sentence. Defendants failed to do so, even after plaintiff gave them definitive evidence that his sentence was illegal and that the CDCR was aware of it since 1996. Plaintiff also alleged that, after his conviction in Tulare County Superior Court, the CDCR asked the San Bernardino County Superior Court for the records of plaintiff's prior conviction in that court, but the San Bernardino County Superior Court failed to provide them. The CDCR knowingly provided an

2.

incomplete record to the Tulare County Superior Court.  Plaintiff alleged defendants'

failure to act to recall his sentence was at least negligent or was willful misconduct, and

resulted in his prolonged incarceration.  Plaintiff prayed for compensatory and punitive

damages, and an injunction requiring defendants to immediately release him from

custody.

After filing the first amended complaint, plaintiff filed a request for entry of the

CDCR's default on the original complaint.  Entry of default was denied.  All defendants

demurred to the first amended complaint, plaintiff opposed, and the trial court sustained

the demurrer without leave to amend; it found statutory immunity under the Government

Claims Act (Gov. Code, § 810 et seq.)[1] precluded the liability of all defendants.  Plaintiff

appeals from the denial of his request for the CDCR's default on the original complaint

and from the order sustaining the demurrer to the first amended complaint without leave

to amend.

## DISCUSSION

### I.      Appealability

"The existence of an appealable judgment is a jurisdictional prerequisite to an

appeal.  A reviewing court must raise the issue on its own initiative whenever a doubt

exists as to whether the trial court has entered a final judgment or other order or judgment

made appealable by Code of Civil Procedure section 904.1." (*Jennings v. Marralle*

(1994) 8 Cal.4th 121, 126.)  Plaintiff purports to appeal from the February 11, 2019 order

denying entry of CDCR's default and from the March 20, 2019 order sustaining the

demurrer of all defendants to the first amended complaint.  Neither is a final, appealable

judgment.  An order sustaining a demurrer without leave to amend is not an appealable

order; an appeal is proper only after entry of a dismissal based on that order.  (*Villery v.*

---

[1]      All further statutory references are to the Government Code, unless otherwise
indicated.

3.

*Department of Corrections & Rehabilitation* (2016) 246 Cal.App.4th 407, 412; *Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1189.)  Likewise, an order denying entry of default does not result in a final determination of all issues in the case or constitute a final judgment.  (See *UAP-Columbus JV 326132 v. Nesbitt* (1991) 234 Cal.App.3d 1028, 1034–1035.)

The California Rules of Court allow us to "treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment."  (Cal. Rules of Court, rule 8.104(d)(2).)  Here, however, neither the record nor the register of actions reflects that a judgment of dismissal was ever entered.  Nonetheless, the substantive issues on appeal have been fully briefed by both parties.  In the interests of justice and to prevent unnecessary delay, we deem the order sustaining the demurrer as incorporating a judgment of dismissal and treat plaintiff's notice of appeal as applying to the dismissal.  (*Nowlon v. Koram Ins. Center, Inc*. (1991) 1 Cal.App.4th 1437, 1440–1441.)

## II.     Denial of Entry of Default

Generally, if a defendant has been served, but has not filed a responsive pleading, such as an answer or a demurrer, within 30 days after service, the clerk must enter the default of the defendant on the written request of the plaintiff.  (Code Civ. Proc., §§ 412.20, 585.)  The CDCR was personally served with summons and complaint on September 6, 2018.  It filed its demurrer on October 9, 2018.  Plaintiff contends CDCR's responsive pleading was filed 33 days after service, and therefore was untimely.  He concludes his request for entry of the CDCR's default was improperly denied.

The CDCR demurrer was not untimely.  "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded."  (Code Civ. Proc., § 12.)  "Holiday" includes every Saturday and Sunday, and any holiday specified in Code of Civil Procedure section 135.  (Code Civ. Proc., §§ 10, 12a.)  Columbus Day, the

second Monday in October, is a judicial holiday.  (Code Civ. Proc., § 135; § 6700, subd. (a)(12).)

The CDCR was served on September 6, 2018.  Thirty days later was Saturday, October 6, 2018, a holiday.  Sunday was also a holiday.  Monday, October 8, 2018, was Columbus Day, a judicial holiday.  All three days were excluded from the calculation of the 30-day period for the CDCR's response to the complaint.  Thus, the last day to file the demurrer was Tuesday, October 9, 2018, which was the day it was filed.  The CDCR's demurrer to the original complaint was timely, and the clerk had no grounds for entering its default.  There was no error in the denial of entry of default.

## III.    Demurrer[2]

### A.    Standard of Review

"On appeal from a dismissal after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment about whether the complaint states a cause of action as a matter of law.  [Citations.]  We give the complaint a reasonable interpretation, reading it as a whole and viewing its parts in context.  [Citations.]  We deem to be true all material facts properly pled.  [Citation.]  We must also accept as true those facts that may be implied or inferred from those expressly alleged." (*Traders Sports v. City of San Leandro* (2001) 93 Cal.App.4th 37, 43.)  We do not, "however, assume the truth of contentions, deductions or conclusions of law." (*Aubry v. Tri-City Hospital Dist*. (1992) 2 Cal.4th 962, 967.)  "If no liability exists as a matter of law, we must affirm that part of the judgment sustaining the demurrer." (*Traders Sports*, *supra*, at p. 43.)  We must reverse if plaintiff has stated a cause of action under any possible

---

**2**      In his opening brief, plaintiff attempts to object to our consideration of documents of which the trial court took judicial notice, asserting they are irrelevant.  Failure to timely object to the propriety of judicial notice is deemed a forfeiture of that objection. (*Shuster v. BAC Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505, 512, fn. 4.)  Plaintiff did not object to judicial notice in the trial court, and we deem any objection forfeited.

legal theory.  (*Aubry*, *supra*, at p. 967.)  " 'We do not review the reasons for the trial court's ruling; if it is correct on any theory, even one not mentioned by the court, and even if the court made its ruling for the wrong reason, it will be affirmed.' "  (*Curcini v. County of Alameda* (2008) 164 Cal.App.4th 629, 637.)

On appeal, the judgment is presumed correct and the burden is on the appellant to affirmatively demonstrate error.  (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408.)  "On appeal, all intendments weigh in favor of the regularity of the trial court proceedings and the correctness of the judgment.  Unless clear error or abuse of discretion is demonstrated, the judgment will be affirmed."  (*Whitcombe v. County of Yolo* (1977) 73 Cal.App.3d 698, 702.)

**B.     Breach of Mandatory Duty (First Cause of Action)**

**1.     First cause of action**

The trial court sustained defendants' demurrer to the first amended complaint on the ground immunity precluded the liability of defendants.  However, "[s]ince 'the applicability of a statutory immunity does not even arise until it is determined that a defendant otherwise owes a duty of care to the plaintiff' " (*Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 785), we first consider whether defendants owed a duty to plaintiff to request recall of his sentence and resentencing, as alleged in the first amended complaint.

"[I]n California, 'all government tort liability must be based on statute.' "  (*Hoff v. Vacaville Unified School Dist.* (1998) 19 Cal.4th 925, 932; see § 815.)  " '[S]overeign immunity is the rule in California; governmental liability is limited to exceptions specifically set forth by statute.' "  (*Zuniga v. Housing Authority* (1995) 41 Cal.App.4th 82, 92.)  " '[B]ecause under the [Government] Claims Act all governmental tort liability is based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable.  Thus, "to state a cause of action against a public entity, every

fact material to the existence of its statutory liability must be pleaded with particularity." ' " (*Soliz v. Williams* (1999) 74 Cal.App.4th 577, 585.)

Plaintiff's first cause of action is entitled breach of a mandatory duty. It does not identify any statute on which liability is premised. Section 815.6, however, imposes liability on a public entity for breach of a mandatory duty. It provides:

> "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." (§ 815.6.)

We note this section addresses liability of a public entity only; it does not mention public employees. Thus, it may serve as the statutory basis for liability of the CDCR only.

Under section 815.6, the mandatory duty sued upon must be one imposed by "an enactment." Enactments include constitutional provisions, statutes, charter provisions, ordinances, and regulations. (§ 810.6.) The only enactment mentioned in plaintiff's first cause of action is section 3076.2 of title 15 of the California Code of Regulations. The first cause of action alleges the regulation provides that, "when there is a discrepancy in an inmate's sentence, the process to recall a sentence should commence." It alleges defendants breached a mandatory duty "by failing to make the request to recall plaintiff's sentence after plaintiff provided defendants definitive evidence that his sentence is illegal and that defendant CDCR knew about it since 1996."

"[T]here are three elements necessary to establish the liability of a public entity under section 815.6: (1) A mandatory duty imposed on the public entity by an enactment; (2) the enactment was designed to protect against the particular kind of injury that the plaintiff suffered; and (3) the plaintiff's injury was proximately caused by the public entity's failure to discharge its mandatory duty." (*All Angels Preschool/Daycare v. County of Merced* (2011) 197 Cal.App.4th 394, 400.) The first element "requires that

7.

the enactment at issue be *obligatory*, rather than merely discretionary or permissive, in its directions to the public entity; it must *require*, rather than merely authorize or permit, that a particular action be taken or not taken.  [Citation.]  It is not enough, moreover, that the public entity or officer have been under an obligation to perform a function if the function itself involves the exercise of discretion." (*Haggis v. City of Los Angeles* (2000) 22 Cal.4th 490, 498.)

The first cause of action does not allege a duty imposed by section 3076.2 of title 15 of the California Code of Regulations in mandatory terms.  It alleges the regulation provides that, "when there is a discrepancy in an inmate's sentence, the process to recall a sentence *should* commence." (Italics added.)  Section 3076.2 of title 15 of the California Code of Regulations implements Penal Code section 1170, subdivision (d)(1), which provides that, "the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings … recall the sentence and commitment previously ordered and resentence [a prison inmate] ….  The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing." (Pen. Code, § 1170, subd. (d)(1).)[3]  Thus, the statute authorizes, but does not require ("may"), the trial court to recall an inmate's sentence and resentence the inmate.  It may do so on the recommendation of the secretary of the CDCR or the Board of Parole Hearings, or on its own motion.  The statute does not require the secretary or the Board of Parole Hearings

---

[3]     The version of Penal Code section 1170, subdivision (d)(1), in effect on August 1, 2018, when plaintiff filed his complaint, contained the same provisions. (Stats. 2018, ch. 36, § 17.)  After that date, amendments to the statute made only minor changes to subdivision (d)(1), which do not affect this case. (See Stats. 2018, ch. 1001, § 1, Stats. 2020, ch. 29, § 14.)

8.

to recommend recalling an inmate's sentence and resentencing the inmate, or set out any circumstances under which such a recommendation is required to be made.

"[I]n order to impose a mandatory duty on a public entity [citation], ' "the mandatory nature of the duty must be phrased in explicit and forceful language." ' " (*Guzman v. County of Monterey* (2009) 46 Cal.4th 887, 894.)  " 'It is not enough, moreover, that the public entity or officer have been under an obligation to perform a function if the function itself involves the exercise of discretion.' "  (*Id*. at p. 898.) " 'Whether a particular statute is intended to impose a mandatory duty, rather than a mere obligation to perform a discretionary function, is a question of statutory interpretation for the courts.' "  (*Ibid*.)  Even when the term "shall" is used, "there may be 'other factors [that] indicate that apparent obligatory language was not intended to foreclose a governmental entity's or officer's exercise of discretion.' "  (*Id*. at p. 899.)

At the time plaintiff filed this action, section 3076 of title 15 of the California Code of Regulations provided that "the Secretary, or designee, *may* recommend" to the sentencing court that it recall an inmate's sentence pursuant to Penal Code section 1170, subdivision (d), for specified reasons.  (Cal. Code Regs, tit. 15, former § 3076, Register 2011, No. 27 (July 7, 2011), italics added.)  The three reasons listed were:

> "(1) It is evident from the inmate's exceptional behavior that is so extraordinary beyond simply complying with all regulations and procedures during incarceration that they have changed as a person and would be a positive asset to the community.
>
> "(2) Information which was not made available to the court in pronouncing the inmate's sentence is brought to the attention of the Secretary, who deems the information would have influenced the sentence imposed by the court.
>
> "(3) The Secretary deems that circumstances have changed to the extent that the inmate's continued incarceration is not in the interest of justice."  (Cal. Code Regs, tit. 15, former § 3076, subd. (a), Register 2011, No. 27 (July 7, 2011).)

Plaintiff invokes the second reason and argues the Tulare County Superior Court, when it sentenced him, did not have the sentencing transcript from his prior San Bernardino County conviction. He asserts the CDCR requested a copy of plaintiff's sentencing transcript from the San Bernardino County Superior Court in 1996, but the court responded that it had not prepared a transcript of sentencing proceedings for several years. Plaintiff has not alleged or explained what information was included in the absent sentencing transcript that he believes should have caused the secretary to deem that the information would have influenced the sentence imposed by the Tulare County Superior Court. He also does not allege that any such information was ever brought to the secretary's attention.

Under the regulations, if an inmate met one or more of the eligibility requirements (i.e., the listed reasons) in California Code of Regulations, title 15, former section 3076, subdivision (a), "the Classification and Parole Representative, shall consider the following factors as may be applicable when recommending recall of commitment consideration for an inmate." (Cal. Code Regs, tit. 15, former § 3076.1, Register 2011, No. 27 (July 7, 2011).) Further, "[r]equests for consideration which are initiated by the facility at any time or by the sentencing court more than 120 days after the date of the inmate's commitment shall be referred to the Classification and Parole Representative (C&PR)." (Cal. Code Regs, tit. 15, former § 3076.2, subd. (a), Register 2011, No. 27 (July 7, 2011).) "If the inmate is not sentenced to death, the C&PR shall submit the request to the inmate's caseworker," who "shall … prepare an evaluation report," noting the factors set out in former section 3076.1 of title 15 of the California Code of Regulations and including specified information about the inmate. (Cal. Code Regs, tit. 15, former § 3076.2, subd. (b)(2), Register 2011, No. 27 (July 7, 2011).) The C&PR "shall review and forward" the report to the warden or chief deputy warden, who "shall review and sign" the report and forward it to CDCR headquarters. (Cal. Code Regs, tit. 15, former § 3076.2, subds. (c), (d), Register 2011, No. 27 (July 7, 2011).) The

evaluation report "shall be referred to the Secretary, or designee, for review and consideration." (Cal. Code Regs, tit. 15, former § 3076.2, subd. (e), Register 2011, No. 27 (July 7, 2011).) "If the inmate is sentenced to an indeterminate term, the Secretary or designee's recommendation, whether positive or negative, shall be referred to the Board of Parole Hearings for review and consideration." (Cal. Code Regs, tit. 15, former § 3076.2, subd. (e)(2), Register 2011, No. 27 (July 7, 2011).)

The procedure for considering an inmate for a recall of sentencing applied to "inmates meeting one or more of the recall eligibility requirements of section 3076(a)" (Cal. Code Regs, tit. 15, former § 3076.1, Register 2011, No. 27 (July 7, 2011), when the facility or the sentencing court initiated a request for recall of sentence and resentencing (Cal. Code Regs, tit. 15, former § 3076.2, subd. (a), Register 2011, No. 27 (July 7, 2011)). Because of the nature of the three reasons listed as the grounds for a recall, they all required an exercise of judgment or discretion to determine whether they applied: (1) whether the inmate displayed exceptional or extraordinary behavior, (2) whether the secretary would deem information the sentencing court lacked sufficient that it would have influenced the court's sentence, and (3) whether the circumstances had changed sufficiently that the inmate's continued incarceration would not serve the interest of justice. Thus, to the extent Penal Code section 1170, subdivision (d)(1), and the regulations implementing it imposed an obligation on CDCR, they imposed an obligation to perform a function involving the exercise of discretion. They did not impose a mandatory duty for purposes of section 815.6 liability.

All of the "shall" provisions in former section 3076.2 of title 15 of the California Code of Regulations came into play only after the facility or the sentencing court requested consideration of an inmate for recall of sentence. Plaintiff's first amended complaint does not allege that the sentencing court or a CDCR facility requested consideration of a recall of plaintiff's sentence and resentencing. Therefore, the "shall" provisions were not triggered. Plaintiff has not identified anything in this regulation that

11.

imposed a mandatory duty on the CDCR to initiate the process to recommend a recall of plaintiff's sentence and resentencing.

The current version of section 3076.2 of title 15 of the California Code of Regulations, which has been in effect since January 1, 2020, also does not impose a mandatory duty on the CDCR. It provides: "No more than 10 business days after receiving a request from the head of a law enforcement agency, head of a prosecutorial agency, or judicial officer asking that the Secretary consider recommending an inmate to a sentencing court pursuant to subdivision (d) of Section 1170 of the Penal Code, the Classification Services Unit shall prepare a Cumulative Case Summary … and forward the request and the summary to the Secretary for consideration." (Cal. Code Regs., tit. 15, § 3076.2, subd. (a).) The remainder of the regulation addresses what occurs subsequently, "[i]f the Secretary elects to recommend the inmate for recall and resentencing." (Cal. Code Regs., tit. 15, § 3076.2, subds. (b), (c).) By its terms, the current regulation applies only when it is triggered by a request from "the head of a law enforcement agency, head of a prosecutorial agency, or judicial officer." The first cause of action does not allege any such request. It alleges defendants failed to act after *plaintiff* provided them information that there was a discrepancy in his sentence and his sentence was illegal. The current regulation does not mandate or direct any action based on a request by the inmate.

Consequently, because plaintiff failed to allege any enactment that imposed on the CDCR a mandatory duty to begin the process of requesting or recommending a recall of plaintiff's sentence and resentencing, plaintiff's first cause of action for breach of a mandatory duty fails to state a cause of action against the CDCR. Because the statute authorizing public entity liability for breach of a mandatory duty (§ 815.6) applies only to public entities, and not to public employees, the first cause of action also fails to state a cause of action against the individual defendants. The demurrer to the first cause of action was properly sustained.

12.

### 2.     Third cause of action

The third cause of action attempts to allege a cause of action for negligence against the CDCR only.  It alleges that, "[a]fter plaintiff's conviction in the Tulare County Superior Court, defendant CDCR provided that court with subpar documents and an incomplete record from the San Bernardino County Superior Court."  It alleges the CDCR knew the record was incomplete because in 1996 it asked the San Bernardino Superior Court the location of the "pertinent documents," and the court did not provide them "as mandated in Penal Code § 1203.01(a)."

To the extent this cause of action is premised on an alleged breach of a mandatory duty, it fails because the statute identified does not impose a mandatory duty on the CDCR.  Penal Code section 1203.01, subdivision (a), provides, in relevant part: "Immediately after judgment has been pronounced, the judge and the district attorney, respectively, may cause to be filed with the clerk of the court a brief statement of their views respecting the person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner.  The judge and district attorney shall cause those statements to be filed if no probation officer's report has been filed."  (Pen. Code, § 1203.01, subd. (a).)  The criminal defendant's attorney and the law enforcement agency that investigated the case are also permitted to file statements.  (*Ibid*.)  The court clerk must mail copies of the statements to the CDCR, the inmate, and the inmate's attorney.  (*Ibid*.)

Subdivision (b) of Penal Code section 1203.01, which the first amended complaint does not mention, also requires the court clerk to mail to the prison to which the convicted person is delivered "a copy of the charging documents, a copy of waiver and plea forms, if any, the transcript of the proceedings at the time of the defendant's guilty or nolo contendere plea, if the defendant pleaded guilty or nolo contendere, and the transcript of the proceedings at the time of sentencing."  (Pen. Code, § 1203.01, subd. (b)(1).)

13.

Penal Code section 1203.01 does not impose any mandatory duties on the CDCR. It did not require the CDCR to provide documents concerning plaintiff's San Bernardino Superior Court conviction to the Tulare County Superior Court, in connection with his sentencing in the latter court. The third cause of action fails to state a cause of action for breach of a mandatory duty against the CDCR.

### C. Public Employee Liability and Vicarious Liability of Employer

Another statute under which a public entity may incur tort liability is section 815.2. It provides:

> "(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

> "(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." (§ 815.2.)

In the absence of statutory immunity, "a public employee is liable for injury caused by his act or omission to the same extent as a private person." (§ 820, subd. (a).) "Thus, 'the general rule is that an employee of a public entity is liable for his torts to the same extent as a private person [citation] and the public entity is vicariously liable for any injury which its employee causes [citation] to the same extent as a private employer.' " (*Hoff v. Vacaville Unified School Dist.* (1998) 19 Cal.4th 925, 932.)

The second, third, and fourth causes of action attempt to allege claims of negligence and willful misconduct against defendants. To allege a negligence cause of action against the individual defendants, plaintiff must allege all the elements of negligence; to allege a negligence cause of action against the CDCR based on vicarious liability, plaintiff must allege the negligence of the individual defendants or other CDCR

14.

employees[4] within the scope of their employment. "Ordinarily, negligence may be pleaded in general terms and the plaintiff need not specify the precise act or omission alleged to constitute the breach of duty. [Citation.] However, because under the [Government] Claims Act all governmental tort liability is based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable." (*Lopez v. Southern Cal. Rapid Transit Dist.*, *supra*, 40 Cal.3d at p. 795.) A negligence cause of action against a public entity or a public employee must be pleaded with particularity. (*Ibid.*; *Gates v. Superior Court* (1995) 32 Cal.App.4th 481, 493–494.) Further, "[i]t is a plaintiff's responsibility to plead ' "facts sufficient to show [their] cause of action lies outside the breadth of any applicable statutory immunity." ' " (*Soliz v. Williams*, *supra*, 74 Cal.App.4th at p. 585.)

The elements of a negligence cause of action are: "(1) the existence of a legal duty to use due care; (2) a breach of that duty; and (3) the breach as a proximate cause of the plaintiff's injury." (*Federico v. Superior Court* (1997) 59 Cal.App.4th 1207, 1210–1211.) Willful misconduct is not a separate tort, but an aggravated form of negligence. (*Carlsen v. Koivumaki* (2014) 227 Cal.App.4th 879, 895.) Three additional elements must be present to raise negligence to the level of willful misconduct: " ' "(1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger, and (3) conscious failure to act to avoid the peril." ' " (*Berkley v. Dowds* (2007) 152 Cal.App.4th 518, 528.)

---

**4** "Under [section 815.2], it will not be necessary in every case to identify the particular employee upon whose act the liability of the public entity is to be predicated. All that will be necessary will be to show that some employee of the public entity tortiously inflicted the injury in the scope of his employment under circumstances where he would be personally liable." (Legis. Com. comment to § 815.2.)

15.

The individual defendants are identified as R.C. Johnson, chief deputy warden, I. Garza, correctional counselor II, and J. Ward, correctional counselor II, appeals coordinator. Johnson allegedly had responsibility for adhering to the mandates of title 15 of the California Code of Regulations. Garza and Ward were allegedly responsible for reading, researching, and answering inmate appeals. The individual defendants allegedly owed a duty to plaintiff pursuant to section 3076.2 of title 15 of the California Code of Regulations to commence the process to recall his sentence when they knew there was "a discrepancy" in his sentence and his sentence was illegal. They allegedly breached this duty by failing to make a request to recall his sentence, when they knew the claims in his inmate appeal were meritorious and when plaintiff provided them with definitive evidence that his sentence was illegal and that CDCR knew this since 1996. As a direct and proximate result of their breach of duty, plaintiff alleges he sustained unnecessary prolonged incarceration.

The recall proceedings are authorized by statute and regulation, so the source of any duty to initiate or participate in them must reside in the applicable statute and regulations. The trial court concluded that immunity barred plaintiff's claims against the individual defendants. It found any duty of the individuals to initiate proceedings to recall plaintiff's sentence was a discretionary duty, as to which the individual defendants held immunity from liability pursuant to section 820.2. That section provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." (§ 820.2.) Under the statute, discretionary immunity "is reserved for 'basic policy decisions' which have been expressly committed to certain branches of the government, as to which judicial interference would be 'unseemly' and interfere with that body's decisionmaking process. [Citation.] On the other hand, there is no immunity for lower level or

16.

ministerial decisions that merely implement the basic policy decisions." (*Zuniga v. Housing Authority*, *supra*, 41 Cal.App.4th at p. 97.)

Under Penal Code section 1170, subdivision (d)(1), the sentencing court has discretion, "upon the recommendation of the secretary or the Board of Parole Hearings … [to] recall the sentence and commitment previously ordered and resentence the defendant … so as to eliminate disparity of sentences and to promote uniformity of sentencing." (Pen. Code, § 1170, subd. (d)(1).)  At the time plaintiff's complaint was filed, the secretary or a designee had discretion to recommend to the sentencing court that it recall an inmate's sentence on any of three specified grounds.  (Cal. Code Regs, tit. 15, former § 3076, subd. (a), Register 2011, No. 27 (July 7, 2011).)  Each of the grounds involved subjective, rather than objective, criteria and called for the use of judgment in determining whether an inmate qualified.  (*Ibid.*)  Requests by a prison facility for consideration of an inmate for a recall of sentence were referred to the C&PR.  (Cal. Code Regs, tit. 15, former § 3076.2, subd. (a), Register 2011, No. 27 (July 7, 2011).)  For inmates meeting one or more of the grounds specified in section 3076, subdivision (a), of title 15 of the California Code of Regulations, the C&PR was required to consider the seven factors listed in section 3076.1 of title 15 of the California Code of Regulations before recommending that an inmate be considered for recall of sentence.  (Cal. Code Regs, tit. 15, former § 3076.1, Register 2011, No. 27 (July 7, 2011).)

Thus, initiation of the process for considering whether to recommend an inmate to the court for recall of sentence and resentencing required exercising discretion regarding whether the inmate fell within any of the categories of eligible inmates, and considering various specified factors, as applicable to that inmate.  That discretion was vested in CDCR personnel by statute and regulation.

Plaintiff's first amended complaint alleges that the CDCR and the individual defendants failed to initiate the discretionary process of considering whether to recommend to the court that plaintiff be considered for recall of sentence.  It did not

17.

challenge subsequent ministerial acts implementing that decision. Accordingly, the first amended complaint challenged only a discretionary decision assigned to the CDCR and its personnel by statute and regulation. Imposing liability on defendants for the manner in which they exercised their discretion would allow second-guessing of their decision by a coordinate branch of government; it would " 'place the courts in the "unseemly position" of making [a public entity or its employees] accountable in damages for a "decision-making process" delegated to [them] by statute' " and regulation. (*Jacqueline T. v. Alameda County Child Protective Services* (2007) 155 Cal.App.4th 456, 466.)

We conclude the trial court properly found plaintiff's negligence and willful misconduct causes of action against the individual defendants are barred by the immunity provided by section 820.2, covering discretionary acts or decisions of public employees. Further, because "a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability" (§ 815.2, subd. (b)), plaintiff's negligence and willful misconduct claims against CDCR are also barred by immunity. The trial court properly sustained defendants' demurrer to the second, third, and fourth causes of action of the first amended complaint.

## IV. Leave to Amend

"We review the decision to deny leave to amend under the abuse of discretion standard. [Citation.] In doing so, we decide whether there is a reasonable possibility that the defect can be cured by amendment. [Citation.] 'The burden of proving such reasonable possibility is squarely on the plaintiff.' " (*San Mateo Union High School Dist. v. County of San Mateo* (2013) 213 Cal.App.4th 418, 441.)

Plaintiff has not attempted to show how his first amended complaint can be amended to state a cause of action against any of the defendants, and to avoid the effects of the immunity statutes. He has not met his burden of demonstrating that the trial court abused its discretion in denying leave to amend. Consequently, we find no error in that denial.

18.

## DISPOSITION

The judgment is affirmed.  Defendants are entitled to their costs on appeal.