[No. A085269. First Dist., Div. Two. Mar. 30, 1999.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISO, Respondent;
CARLOS RAMIREZ, Real Party in Interest.

COUNSEL

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Peter J. Siggins, Assistant Attorney General, Bruce M. Slavin and Greg Mangani, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Brendan Conroy, under appointment by the Court of Appeal, for Real Party in Interest.

OPINION

**HAERLE, Acting P. J.—**

## I. INTRODUCTION

By petition for writ of mandate, the People challenge an order of the trial court dismissing a petition for the civil commitment of real party in interest Carlos Ramirez under the Sexually Violent Predators Act (SVPA or Act). (Welf. & Inst. Code, § 6600 et seq.)[1] The issue presented is whether a petition to extend Ramirez's commitment, filed four days before his release date, was timely filed under the Act. In this issue of first impression, we conclude that the trial court erred in finding the petition untimely. We will

---

[1]Unless otherwise indicated, all statutory references hereafter are to the Welfare and Institutions Code.

grant the People's petition and direct the trial court to vacate its order of dismissal and to proceed instead with a trial under section 6604.[2]

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 8, 1997, Ramirez waived trial and stipulated that he was a person described by section 6600 of the Act, and that he would be committed to the Department of Mental Health for two years. As part of the stipulation, his two-year commitment was to commence on September 1, 1996, and end on September 1, 1998.

On August 27, 1998, the People filed a petition for recommitment of Ramirez as a sexually violent predator pursuant to section 6604. The petition was based on a request from the medical director of Atascadero State Hospital that Ramirez be recommitted because the treatment staff believed that Ramirez remained a danger to the health and safety of others and was likely to engage in sexually violent criminal behavior if discharged. Ramirez had been convicted of three counts of annoying/molesting a child under eighteen years, one count of false imprisonment, three counts of sending harmful matter with the intent to seduce a minor, five counts of sodomy, and one count of rape.

On August 31, 1998, the court heard brief argument and signed an order directing that Ramirez be detained in a secure facility pursuant to section 6604 based upon its finding that there was probable cause to believe that Ramirez was likely to engage in sexually violent predatory criminal behavior upon release from custody.

The matter was originally set for trial on November 23, 1998, but counsel for Ramirez moved to continue the trial date based upon counsel's unavailability and his desire to file a motion to dismiss. Ramirez then filed a motion to dismiss for lack of jurisdiction, which was heard on December 11, 1998. In that motion, he contended the petition for recommitment was untimely because the filing of it four days before his original commitment was to expire denied him the right to a trial before the expiration of his original commitment. The People opposed the motion on the ground that the Act sets no time requirement for a subsequent commitment trial.

After hearing argument on the motion to dismiss, the trial court granted the motion on December 15, 1998, ordering the petition dismissed and

---

[2]The People sought mandate on the ground that appeal was an inadequate remedy. By issuing our order to show cause, we necessarily determined that, in this case, the People's challenge is appropriately resolved by a writ proceeding.

Ramirez released. In ruling that the petition was untimely, the court relied on *People* v. *Kirkland* (1994) 24 Cal.App.4th 891 [29 Cal.Rptr.2d 863], a case that interpreted the time limits set forth in the Mentally Disordered Offender (MDO) Act. (Pen. Code, § 2960 et seq.) By analogy to the MDO Act the trial court concluded that the trial must be completed before the expiration date of the commitment. Accordingly, the court ruled that it had no jurisdiction to act on the petition. Recognizing that the issue was one of first impression, the court stayed the effective date of the order until December 30, 1998, to allow the People time to seek writ review. We further stayed the trial court's order and issued an order to show cause why a peremptory writ of mandate should not issue as prayed for in the petition.

## III. DISCUSSION

■ The issue presented is whether the Act requires that the recommitment trial be completed before the date the original commitment term expires. Since the Act is new, there is little case law interpreting it and nothing on the precise question presented.[3] Our Supreme Court has recently upheld the SVPA against a facial challenge to its constitutionality in *Hubbart* v. *Superior Court* (1999) 19 Cal.4th 1138 [81 Cal.Rptr.2d 492, 969 P.2d 584], and the United States Supreme Court likewise upheld the constitutionality of a similar Kansas statute in *Kansas* v. *Hendricks* (1997) 521 U.S. 346 [117 S.Ct. 2072, 138 L.Ed.2d 501]. Although *Hubbart* did not address the question before us, its discussion of the history and purpose of the SVPA provides some guidance.

"The scheme under consideration here took effect January 1, 1996. (Stats. 1995, ch. 763, § 3.) In describing the underlying purpose, the Legislature expressed concern over a select group of criminal offenders who are extremely dangerous as the result of mental impairment, and who are likely to continue committing acts of sexual violence even after they have been punished for such crimes. The Legislature indicated that to the extent such

---

[3]Cases to date include *People* v. *Superior Court (Whitley)* (1999) 68 Cal.App.4th 1383 [81 Cal.Rptr.2d 189]; *Garcetti* v. *Superior Court* (1998) 68 Cal.App.4th 1105 [80 Cal.Rptr.2d 724]; *People* v. *Superior Court (Donelson)*■ (Cal.App.). These cases dealt with contentions that the trial court had no jurisdiction to proceed to trial on a petition for commitment under the SVPA because the parole revocation had been unlawful, thus making the inmate's custody unlawful. *In re Parker* (1998) 60 Cal.App.4th 1453 [71 Cal.Rptr.2d 167] and *People* v. *Superior Court (Howard)* (1999) 70 Cal.App.4th 136 [82 Cal.Rptr.2d 481] dealt with the requirements for the probable cause hearing. *People* v. *Butler* (1998) 68 Cal.App.4th 421 [80 Cal.Rptr.2d 357] held, inter alia, that procedural irregularities at the probable cause hearing are not subject to reversal absent a showing of prejudice or denial of a fair trial. *People* v. *Moore* (1998) 69 Cal.App.4th 626 [81 Cal.Rptr.2d 658] held that the court is not required to advise a defendant, before accepting a plea of no contest, that he might eventually be subject to additional confinement under the SVPA.

persons are currently incarcerated and readily identifiable, commitment under the SVPA is warranted immediately upon their release from prison. The Act provides treatment for mental disorders from which they currently suffer and reduces the threat of harm otherwise posed to the public. No punitive purpose was intended. (*Id.*, § 1.)" (*Hubbart* v. *Superior Court*, *supra*, 19 Cal.4th at pp. 1143-1144.)

The SVPA establishes a procedure for the civil commitment of sexually violent predators. Sexually violent predators are defined in section 6600 as persons who: (1) have been convicted of specified sexually violent offenses against two or more victims for which they received determinate sentences; and (2) have a diagnosed mental disorder that makes them a danger to the health and safety of others in that it is likely that they will engage in sexually violent criminal behavior. The Department of Corrections refers inmates for an initial evaluation by the Department of Mental Health to determine whether they are sexually violent predators. (§ 6601, subd. (a).) The reference for evaluation is to be made at least six months before the scheduled release date, and the evaluation is to be conducted by two mental health professionals. (§ 6601, subds. (a), (d).)

If the evaluators agree that the individual is a sexually violent predator, the Director of the Department of Mental Health must forward a request for a petition for commitment to the county in which the prisoner was last convicted. (§ 6601, subd. (d).) Upon the filing of the petition, the trial court must hold a hearing to determine whether there is probable cause to believe that the person is likely to engage in sexually violent predatory criminal behavior upon release. If probable cause is found, the court must order a trial and must order that the person "remain in custody in a secure facility until a trial is completed . . . ." (§ 6602.) The SVPA affords the individual a number of procedural safeguards, including the right to trial by a jury, the assistance of counsel, and the right to retain experts. The standard of proof is beyond a reasonable doubt, and the verdict must be unanimous. (§§ 6603, 6604.)

A person determined at trial to be a sexually violent predator must be committed to the custody of the Department of Mental Health for appropriate treatment and confinement in a secure facility for two years, and is subject to extended commitments incident to the filing of new petitions. (§ 6604.) The SVPA provides for annual review of the individual's mental condition and for unconditional release and discharge upon a determination that the person is no longer a sexually violent predator. (§ 6605.) There are also provisions allowing the individual to petition the court for conditional release. The court may release an individual who has been confined for at

least one year to a forensic conditional release program upon finding that the committed person would not be a danger to others due to his or her diagnosed mental disorder while under supervision and treatment in the community. (§ 6608, subds. (a), (c).)

The SVPA contains few time requirements. Section 6601, subdivision (a), provides that the initial screening generally should be commenced at least six months prior to the inmate's scheduled release date. Section 6601 does not set any time by which the Director of the Department of Mental Health is to forward a request for a petition or the county's designated counsel is to file the petition, but it does require that the individual be in custody. (§ 6601, subds. (a), (h), (i).) Section 6601.3 provides for a parole hold of 45 days if the individual's parole date will be reached before the Department of Mental Health has completed its evaluation. In cases where an inmate's parole hold will expire before a probable cause hearing is conducted, section 6601.5 authorizes an urgency review which, based on the face of the petition, allows the court to order the individual detained for an additional 10 days. The probable cause hearing, however, must be held within that 10-day period. (§ 6601.5.) Section 6602 contains no express time requirement for conducting the probable cause hearing.[4] Once probable cause is found, the Act requires only that "the person remain in custody in a secure facility until a trial is completed . . . ." (§ 6602.) If the trier of fact determines beyond a reasonable doubt that the person is a sexually violent predator, the person "shall be committed for two years to the custody of the State Department of Mental Health . . . and the person shall not be kept in actual custody longer than two years unless a subsequent extended commitment is obtained from the court *incident to the filing of a new petition for commitment under this article* . . . ." (§ 6604, italics added.)

Neither section 6604 nor any other section provides a time by which the trial must be commenced or concluded. Indeed, the only reference to time limits appears to envision that trials might end after expiration of the initial commitment. Section 6604.1 provides: "(a) The two-year term of commitment provided for in Section 6604 shall commence on the date upon which

---

[4]Section 6602 provides: "A judge of the superior court shall review the petition and shall determine whether there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release. The person named in the petition shall be entitled to assistance of counsel at the probable cause hearing. If the judge determines there is not probable cause, he or she shall dismiss the petition and any person subject to parole shall report to parole. If the judge determines that there is probable cause, the judge shall order that the person remain in custody in a secure facility until a trial is completed and shall order that a trial be conducted to determine whether the person is, by reason of a diagnosed mental disorder, a danger to the health and safety of others in that the person is likely to engage in acts of sexual violence upon his or her release from the jurisdiction of the Department of Corrections or other secure facility."

the court issues the initial order of commitment pursuant to that section. The two-year term shall not be reduced by any time spent in a secure facility prior to the order of commitment. *For subsequent extended commitments, the term of commitment shall be from the date of the termination of the previous commitment. . . .*" (Italics added.) The italicized statement implicitly recognizes that the extended commitment trial may not finish before expiration of the previous commitment. Otherwise, there would be no need to specify that the term of the extended commitment shall run from the date the previous commitment ended. Accordingly, we reject Ramirez's claim that section 6604 must be read as requiring that a subsequent commitment order be obtained before expiration of the previous term.

As previously mentioned, the trial court relied upon *People v. Kirkland, supra,* 24 Cal.App.4th 891, in finding the petition untimely. *Kirkland,* however, involved the recommitment of an individual under the MDO Act (Pen. Code, § 2960 et seq.). Unlike the SVPA, the MDO Act provides express time requirements for submitting a written evaluation and for commencing the trial. Penal Code section 2970 requires the officials in charge of a mentally disordered offender whose mental disorder is not in remission, or cannot be kept in remission without treatment, to submit a written evaluation on remission to the district attorney "[n]ot later than 180 days prior to the termination of parole, or release from prison if the prisoner refused to agree to treatment as a condition of parole . . . , unless good cause is shown for reduction of that 180-day period . . . ."[5] And Penal Code section 2972 requires that the trial on a petition for continued treatment commence "no later than 30 calendar days prior to the time the person would otherwise have been released . . . unless good cause is shown. . . ."[6]

*Kirkland* interpreted the 180- and 30-day time provisions in the MDO Act and observed that they were similar to the time provisions set forth in Penal

---

[5]Penal Code section 2970 provides in pertinent part: "Not later than 180 days prior to the termination of parole, or release from prison if the prisoner refused to agree to treatment as a condition of parole as required by Section 2962, unless good cause is shown for the reduction of that 180-day period, if the prisoner's severe mental disorder is not in remission or cannot be kept in remission without treatment, the medical director of the state hospital which is treating the parolee, or the community program director in charge of the parolee's outpatient program, or the Director of Corrections, shall submit to the district attorney . . . his or her written evaluation on remission. . . ."

[6]Penal Code section 2972 provides in pertinent part: "(a) The court shall conduct a hearing on the petition under Section 2970 for continued treatment. The court shall advise the person of his or her right to be represented by an attorney and of the right to a jury trial. The attorney for the person shall be given a copy of the petition, and any supporting documents. The hearing shall be a civil hearing, however, in order to reduce costs the rules of criminal discovery, as well as civil discovery, shall be applicable.

"The standard of proof under this section shall be proof beyond a reasonable doubt, and if the trial is by jury, the jury shall be unanimous in its verdict. The trial shall be by jury unless waived by both the person and the district attorney. The trial shall commence no later than 30

Code section 1026.5, subdivision (b), regarding the extended commitment of a person found not guilty by reason of insanity (NGI). (*People* v. *Kirkland*, *supra*, 24 Cal.App.4th at p. 903.) The similarity in language and legislative scheme persuaded the *Kirkland* court that the MDO provisions (Pen. Code, §§ 2970, 2972) were derived from Penal Code section 1026.5, subdivision (b). *Kirkland* then relied on cases arising under the NGI provisions to interpret the MDO provisions.

The absence of any similar time provisions in the SVPA leads us to the conclusion that neither *Kirkland* nor cases interpreting Penal Code section 1026.5 (e.g., *People* v. *Hill* (1982) 134 Cal.App.3d 1055 [185 Cal.Rptr. 64]; *People* v. *Pacini* (1981) 120 Cal.App.3d 877 [174 Cal.Rptr. 820]) should be given any weight in resolving the issue before us. Since the SVPA was enacted after the MDO Act and the NGI provisions, the Legislature presumably was aware of the time limits in those provisions. If it had wanted to include similar time limits in the SVPA, it would have done so. Its failure to do so persuades us that the Legislature did not intend to have any greater time limit than the requirement that the person be in custody and the petition be filed before expiration of the current commitment term. (Cf. *People* v. *McGuire* (1993) 14 Cal.App.4th 687, 694 [18 Cal.Rptr.2d 12].) Accordingly, the trial court erred in dismissing the petition on the ground that the trial would not be completed before expiration of Ramirez's commitment term.

IV.   DISPOSITION

Let a peremptory writ issue commanding that the court set aside its order dismissing the petition and to proceed instead with a trial under Welfare and Institutions Code section 6604.

Lambden, J., and Ruvolo, J., concurred.

---

calendar days prior to the time the person would otherwise have been released, unless the time is waived by the person or unless good cause is shown."