[No. E026020. Fourth Dist., Div. Two. Dec. 11, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH TALHELM, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II.

## COUNSEL

Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janelle M. Boustany and Robert B. Shaw, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**McKINSTER, J.**—After a jury trial, Kenneth Talhelm (hereafter referred to as defendant)[1] was found a sexually violent predator within the meaning of Welfare and Institutions Code[2] section 6600 et seq., also known as the Sexually Violent Predators Act (hereafter the SVP Act or the Act) and committed to a state mental institution for a two-year term. On appeal, defendant challenges the sufficiency of the evidence to support the finding that he is a sexually violent predator. He also raises several evidentiary issues, as well as procedural issues related to the filing of the commitment petition. Finally, he makes "as applied" federal constitutional procedural and substantive due process challenges to the SVP Act. As we shall explain more fully below, we find all but one of defendant's arguments meritless. Furthermore, while we agree with defendant that a petition for a writ of habeas corpus was the appropriate method by which to obtain review of the trial court's finding of probable cause, we conclude that the trial court's summary denial of that petition was harmless error.

### Factual and Procedural Background

In 1989, defendant was convicted of violating Penal Code section 288, subdivision (b). In 1993, defendant pled guilty to several counts of violating Penal Code section 288, subdivision (b).

In April of 1999, about two and a half months before defendant was scheduled to be released from prison, the California Department of Corrections referred defendant to the California Department of Mental Health for a full evaluation as a potential sexually violent predator. On May 27, 1999, the Department of Mental Health recommended to the Riverside County District Attorney's Office that a petition for commitment under the SVP Act be filed in defendant's case. On June 4, 1999, a petition was filed. A jury found that defendant was a sexually violent predator. The trial court then committed defendant to a two-year term at the Atascadero State Hospital, a secured mental health facility, for treatment. Defendant timely appealed.

---

[1]We recognize that the designation is technically incorrect in that this is a civil proceeding in which Talhelm correctly is referred to as "respondent."

[2]Unless otherwise stated, all further statutory references are to the Welfare and Institutions Code.

DISCUSSION

I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III

*Denial of Defendant's Petition for Writ of Habeas Corpus*

After the trial court found probable cause that defendant would engage in sexually violent behavior if released, defendant filed a petition for a writ of habeas corpus, alleging that there was insufficient evidence to support the trial court's finding of probable cause. The trial court summarily denied the writ, reasoning that the appropriate procedure to challenge an adverse determination at the probable cause hearing was a motion under Penal Code section 995 (hereafter section 995 motion).

■ On appeal, defendant contends that since the commitment proceedings under the SVP Act are civil in nature, the appropriate procedure to challenge a probable cause finding under the SVP Act is a writ of habeas corpus, not a section 995 motion. We agree.

By its express terms, section 995 of the Penal Code provides that an indictment or an information may be set aside, under certain conditions, upon the defendant's motion. An indictment and an information are charging documents in criminal proceedings. (Pen. Code, §§ 739, 889; 4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989), §§ 2047, 2052, pp. 2412, 2418.) Neither of these documents is involved in the process of involuntary commitment of a person under the SVP Act. (§ 6600 et seq.) While the petition for commitment under the Act may be filed by the district attorney, commitment proceedings under the Act are civil and nonpunitive in nature. (*Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1166-1167 [81 Cal.Rptr.2d 492, 969 P.2d 584] (hereafter *Hubbart*).)

On the other hand, Penal Code section 1473, subdivision (a), which deals with the writ of habeas corpus, provides that "[e]very person unlawfully imprisoned or restrained in his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment." The broad scope of Penal Code section 1473 is, we think, sufficient to encompass the commitment proceedings under the SVP Act.

Although we were unable to find cases directly on point, dictum from several recent cases strongly suggests that the appropriate remedy to challenge a probable cause finding under the SVP Act is a writ of habeas corpus.

*See footnote, *ante*, page 400.

(*People v. Superior Court* (*Whitley*) (1999) 68 Cal.App.4th 1383, 1385, fn. 1 [81 Cal.Rptr.2d 189] [when the trial court dismisses an SVP petition at the probable cause hearing, the People's remedy is a writ proceeding]; *In re Parker* (1998) 60 Cal.App.4th 1453, 1460, fn. 8 [71 Cal.Rptr.2d 167] [the writ of habeas corpus is an appropriate remedy to challenge the trial court's failure to hold a valid probable cause hearing].) Moreover, it is well settled that one may file a petition for writ of habeas corpus in order to challenge confinement at a mental institution pursuant to several other involuntary commitment statutes. (*In re Watson* (1979) 91 Cal.App.3d 455, 458 [154 Cal.Rptr. 151] [involuntary commitment to a mental institution under former § 6500.1]; *In re Ingram* (1978) 76 Cal.App.3d 495, 501 [142 Cal.Rptr. 825] [proceedings to determine whether the defendant, who had been sent to a mental institution after the court found him not guilty by reason of insanity, has regained his or her sanity].)

Therefore, we conclude that the trial court erred in summarily denying defendant's petition for the writ of habeas corpus. That error, however, is not reversible. ▪ "[I]rregularities in the preliminary examination procedures which are not jurisdictional in the fundamental sense shall be reviewed under the appropriate standard of prejudicial error and shall require reversal only if defendant can show that he was deprived of a fair trial or otherwise suffered prejudice as a result of the error at the preliminary examination." (*People v. Pompa-Ortiz* (1980) 27 Cal.3d 519, 529 [165 Cal.Rptr. 851, 612 P.2d 941].) Similarly, irregularities in the preliminary hearing under the SVP Act are subject to harmless error review; no reversal is necessary unless the defendant can show that he or she was denied a fair trial or had otherwise suffered prejudice. (*People v. Butler* (1998) 68 Cal.App.4th 421, 435 [80 Cal.Rptr.2d 357].)

Here, defendant does not even purport to make a showing of prejudice, arguing instead that the error was reversible per se. Out of an abundance of caution, we have reviewed the entire record of the proceedings below and conclude that defendant received a fair trial. Defendant was tried and found a sexually violent predator by a jury; at trial, he was represented by counsel and was able to cross-examine adverse witnesses and present an expert witness of his own. Under these circumstances, reversal is not warranted. (*People v. Butler, supra*, 68 Cal.App.4th at p. 435.)

IV

*Procedural Due Process Challenge*

Section 6601, subdivision (a), states, in pertinent part: "Whenever the Director of Corrections determines that an individual who is in custody

under the jurisdiction of the Department of Corrections, and who is either serving a determinate prison sentence or whose parole has been revoked, may be a sexually violent predator, the director shall, *at least six months prior to that individual's scheduled date for release from prison*, refer the person for evaluation . . . ." (Italics added.)

Defendant's scheduled release date was June 23, 1999. The state Department of Corrections first identified defendant as a potential sexually violent predator in October of 1998. Defendant was evaluated by Dr. Goldberg on April 20, 1999. He was evaluated by Dr. Hirsh on May 6, 1999. The Department of Mental Health referred defendant to the Riverside County District Attorney's Office for the filing of a commitment petition on May 27, 1999. Said petition was filed on June 4, 1999. The trial court held a preliminary hearing on June 21, 1999, two days before defendant's scheduled release date from prison.

On appeal, defendant's argument is not particularly clear. We construe his argument to be that the People's commitment petition was untimely under section 6601, subdivision (a), and that this violation of state law automatically resulted in the violation of defendant's procedural due process rights.

There is nothing in the plain language of the SVP Act to support defendant's view that the commitment proceedings must have been completed in their entirety before his scheduled release date. We question whether the six-month rule relied on by defendant is mandatory. (*People v. Williams* (1999) 77 Cal.App.4th 436, 451 [92 Cal.Rptr.2d 1] [one of the provisions of the Mentally Disordered Prisoners Act (hereafter MDP Act), which requires the commitment trial to begin at least 30 days before the defendant's scheduled release from prison, was directory and not mandatory; failure to comply with the 30-day deadline did not deprive the court of jurisdiction in a fundamental sense].) More importantly, even if we were to construe the six-month rule as mandatory, there is absolutely no indication that this rule imposes any time limit on the filing of the petition or the completion of the commitment process.

One of the Act's provisions undermines defendant's argument. Section 6601.3 states that the defendant's commitment for evaluation shall be limited to 45 days unless the defendant's scheduled release date is later than 45 days from the time of the referral. Under this provision, a potential sexually violent predator might conceivably be confined beyond his or her scheduled release date from prison for up to 45 days. This provision is evidence of legislative intent to allow the commitment proceedings to last beyond the

date of the defendant's scheduled release from prison. Thus, the plain language of the SVP Act itself provides no support for defendant's position.

Section 6601, subdivision (a), is not ambiguous on its face. Although it provides that the referral to the Department of Mental Health shall be conducted no less than six months prior to the defendant's scheduled release from prison, it says nothing about when the commitment process must be completed. Under these circumstances, we generally presume that the Legislature meant what it said and we do not resort to legislative history to construe the statute. (*People v. Patterson* (1999) 72 Cal.App.4th 438, 442 [84 Cal.Rptr.2d 870].)

Nevertheless, out of an abundance of caution, we have carefully reviewed the legislative history of the SVP Act. We have found absolutely no indication that the Legislature intended the commitment proceedings to be completed before the defendant's scheduled release date.[4]

Defendant relies on cases dealing with the individuals involuntarily committed under the MDP Act, *People v. Kirkland* (1994) 24 Cal.App.4th 891 [29 Cal.Rptr.2d 863] and *Zachary v. Superior Court* (1997) 57 Cal.App.4th 1026 [67 Cal.Rptr.2d 532]. In our view, these cases do not provide a useful analogy for the resolution of defendant's claim.

In *People v. Superior Court (Ramirez)* (1999) 70 Cal.App.4th 1384 [83 Cal.Rptr.2d 402] (hereafter *Ramirez*), the trial court dismissed as untimely the People's petition for the defendant's recommitment under the SVP Act, pursuant to section 6604, filed four days before his release date. (70 Cal.App.4th at p. 1386.) In doing so, the trial court relied on the MDP Act, which requires a recommitment trial to be completed on or before the defendant's scheduled release date. (*Id.* at p. 1387.) The First District reversed. The court rejected the trial court's reliance on the MDP Act, reasoning that the SVP Act does not contain a time limit within which a recommitment petition must be filed. (*Id.* at p. 1391.) The court concluded that the only time-related prerequisites to filing a recommitment petition are (1) that the petition be filed before the expiration of the current recommitment term, and (2) that the defendant be in custody. (*Ramirez, supra*, 70 Cal.App.4th at p. 1391.)

We agree with *Ramirez* that the MDP Act and cases interpreting it are not helpful in this case because the SVP Act does not contain the express time limits included in the MDP Act. We thus respectfully decline to give any weight to these cases in resolving this issue. Accordingly, we conclude that

[4]Defendant does not discuss the legislative history of the SVP Act.

section 6601, subdivision (a), does not require the People to complete the commitment process before the defendant's scheduled release date from prison.[5] By parity of reasoning, defendant's procedural due process claim based on violation of state law fails as well.

V

*Substantive Due Process Claim*

■ Defendant argues that the SVP Act, as applied to him, violates his substantive due process rights under the federal Constitution. He contends that the Act defines the term "mental disorder" so loosely that it permitted the jury to find him a sexually violent predator based solely upon his prior convictions and without any evidence that he was suffering from a recognized mental disorder. In doing so, he cites the United States Supreme Court decision in *Foucha v. Louisiana* (1992) 504 U.S. 71 [112 S.Ct. 1780, 118 L.Ed.2d 437] for the proposition that the state cannot involuntarily commit an individual based solely upon his or her past criminal conduct and his or her antisocial personality traits. We are unconvinced.

The SVP Act defines the term "diagnosed mental disorder" in the following manner: " 'Diagnosed mental disorder' includes a congenital or acquired condition affecting the emotional and volitional capacity that predisposes the person to the commission of criminal sexual acts in a degree constituting the person a menace to the health and safety of others." (§ 6600, subd. (c).) Conviction of one or more sexually violent offenses, as specified in the Act, is evidence that can support a finding that the person is a sexually violent predator. (§ 6600, subd. (a).) However, the Act specifically provides that the "[j]urors shall be admonished that they may not find a person a sexually

---

[5]Even if we were to assume arguendo that section 6601, subdivision (a), somehow requires the People to complete the commitment process before the criminal defendant is due to be released from prison, a statutory violation does not automatically rise to the level of a federal constitutional due process violation. (*Clark v. City of Hermosa Beach* (1996) 48 Cal.App.4th 1152, 1178 [56 Cal.Rptr.2d 223].) A violation of the defendant's rights created by state law amounts to a procedural due process violation only if it implicates the defendant's protected interest in life, liberty, or property. (*Ibid.*) Defendant does not make an argument in that regard.

Since we have already concluded that section 6601, subdivision (a), does not require the People to complete the commitment process before the defendant's scheduled release from prison, defendant's claim was resolved on a narrow statutory ground. Under these circumstances, we need not decide whether this statute creates a protected liberty interest. It is not our role as an appellate court to render advisory opinions on constitutional issues. (*Hochheiser v. Superior Court* (1984) 161 Cal.App.3d 777, 787 [208 Cal.Rptr. 273].) Our decision not to address the constitutional issue on the merits is fully supported by the fact that neither side briefed the issue of whether section 6601, subdivision (a), created a liberty interest in defendant.

violent predator based on prior offenses absent relevant evidence of a currently diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§ 6600, subd. (a).) Thus, at least on its face, the Act admonishes juries that a sexually violent predator finding cannot be based on the defendant's prior convictions alone.

In *Hubbart*, the California Supreme Court rejected a similar facial substantive due process challenge to the Act's definition of diagnosable mental disorder. Defendant concedes as much in his opening brief but attempts to distinguish his case from *Hubbart*.

Defendant relies primarily on the concurring opinion of Justice Werdegar, joined by Justice Kennard, in *Hubbart*. The concurring justices observed that while the Act's definition of the term "diagnosable mental disorder" was not in violation of the substantive due process clause on its face or as applied to the defendant in *Hubbart*, the outcome might be different if the state uses the Act to involuntarily commit a person based on his or her prior offenses "absent 'a currently diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior.' " (*Hubbart, supra*, 19 Cal.4th at p. 1181 (conc. opn. of Werdegar, J.).) The concurring opinion elaborated further that a diagnosis based primarily on the person's prior offenses adds little to the reliability of the finding that a person is a sexually violent predator likely to engage in future sexually violent behavior if released. (*Ibid.*)

While we are mindful of Justice Werdegar's concern, we are convinced that defendant was found a sexually violent predator in full compliance with his substantive due process rights. As we had discussed in more detail in the unpublished part of the opinion, two qualified mental health professionals testified that defendant was a pedophile, and that he would likely engage in future sexually violent behavior if released into the community without treatment. The expert testimony was based not only on defendant's prior convictions, but also on the results of clinical tests and personal interviews with defendant as well as evidence that defendant's daughter claimed he had molested her.

Finally, the jury was instructed that although it could consider defendant's priors as evidence that he was a sexually violent predator, it could not find defendant a sexually violent predator based only upon the priors without relevant evidence of a currently diagnosed mental disorder. Absent evidence to the contrary, we must assume that the jury followed the court's instructions. (*People v. Pinholster* (1992) 1 Cal.4th 865, 918-919 [4 Cal.Rptr.2d 765, 824 P.2d 571].)

Therefore, defendant's substantive due process rights under the federal Constitution were not violated.

## DISPOSITION

The judgment is affirmed.

Hollenhorst, Acting P. J., and Gaut, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 28, 2001.