Filed 6/14/23  Felix v. Dept. of State Hospitals Coalinga CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF STATE HOSPITALS COALINGA et al.,<br><br>Defendants and Respondents. | F081766<br><br>(Super. Ct. No. 14CECG01707)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  D. Tyler Tharpe, Judge.

Scott Emerson Felix, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Gregory D. Brown and Kevin L. Quade, Deputy Attorneys General, for Defendants and Respondents.

-ooOoo-

Scott Emerson Felix, a self-represented civil detainee, appeals from a judgment of dismissal entered after the trial court sustained, without leave to amend, a demurrer to his amended petition for writ of mandate. In his amended petition against the People of the State of California (the People) and the Department of State Hospitals-Coalinga (DSH-Coalinga), Felix sought immediate release from his assertedly unlawful detention at the California State Hospital in Coalinga where he is being held as a sexually violent predator (SVP), pursuant to the Sexually Violent Predator Act (SVPA), Welfare and Institutions Code section 6600 et seq.

The trial court sustained the demurrer as to the claims against the People[1] based on Felix's failure to bring the matter to trial within five years, as required by Code of Civil Procedure section 583.310[2]; and as to the claims against DSH-Coalinga because Felix was requesting relief beyond the court's ability to grant. The trial court did not reach DSH-Coalinga's arguments that Felix's claims were barred by his previous litigation of writ petitions in various courts or that the petition was not properly brought in mandamus because Felix could assert his claims in a habeas petition. Without approving or disapproving the trial court's stated reasoning, we affirm the judgment because Felix has not shown that other remedies at law were inadequate or unavailable to him.

**BACKGROUND**

A.      The SVPA

"The SVPA provides for the involuntary civil commitment of certain offenders, following the completion of their prison terms, who are found to be sexually violent predators because they have previously been convicted of sexually violent crimes and currently suffer diagnosed mental disorders that make them dangerous because they are

---

[1]      Other than joining DSH-Coalinga's motion to change venue, the People have not appeared in the action or in this appeal.

[2]      Subsequent undesignated statutory references are to the Code of Civil Procedure.

2.

likely to engage in sexually violent predatory criminal behavior." (*Turner v. Superior Court* (2003) 105 Cal.App.4th 1046, 1054.) The SVPA sets forth detailed administrative and judicial procedures for civilly committing an individual as an SVP. (*Walker v. Superior Court* (2021) 12 Cal.5th 177, 190 [outlining the procedures].) As relevant to Felix's petition, the SVPA requires the Department of Corrections and Rehabilitation (CDCR) to screen any potential SVP at least six months before their release date and refer qualifying inmates to the Department of State Hospitals (DSH) for a "full evaluation." (Welf. & Inst. Code, § 6601, subds. (a), (b).) If the DSH evaluation results in a request for commitment, "a petition for commitment shall be filed in the superior court of the county in which the person was convicted of the offense" for which they were imprisoned. (Welf. & Inst. Code, § 6601, subd. (i).) If the court determines that probable cause supports the state's petition, the court orders a trial at which the government must prove beyond a reasonable doubt that the person meets the statutory definition of an SVP. (Welf. & Inst. Code, §§ 6600, subd. (a)(1), 6602, 6604; see *Turner*, at pp. 1054–1055.) While the petition for SVP commitment may be filed by the district attorney, commitment proceedings under the SVPA are civil and nonpunitive in nature. (*People v. Talhelm* (2000) 85 Cal.App.4th 400, 404.)

The SVPA originally authorized only two-year terms of commitment, which could be extended on the state's petition. (Welf. & Inst. Code, former § 6604.) But amendments effective September 2006 made commitment terms indeterminate, that is, indefinite. (Welf. & Inst. Code, §§ 6604, subd. (a), 6604.1, subd. (a); Sen. Bill No. 1128 (2005–2006 Reg. Sess.) (Stats. 2006, ch. 337, §§ 55–56).) At least once a year, DSH must conduct an examination of an SVP's mental condition and file with the committing court a report of that examination (Welf. & Inst. Code, § 6604.9); and an SVP may periodically petition for conditional release or unconditional discharge (Welf. & Inst. Code, §§ 6608, 6604.9, subd. (d)). (See *People v. Smith* (2022) 75 Cal.App.5th 332, 337 [describing pathways for release].)

3.

B.     Facts

"In 1982, [Felix] suffered convictions in San Francisco for forcible rape, forcible oral copulation, and assault with intent to commit rape. [Citations.] He served a prison sentence and, when paroled, committed additional criminal offenses. In 1996, the court revoked his parole and committed him to [Atascadero State Hospital] as an SVP. (Welf. & Inst. Code, §§ 6600, 6601 & 6604.) His commitment was extended more than once based on a continuing risk of reoffending. (*People v. Felix* (2008) 169 Cal.App.4th 607, 611.)." (*People v. Felix* (Nov. 21, 2011, No. B223500) [nonpub. opn.] [2011 Cal.App.Unpub. LEXIS 8921, p. *2].)[3]  While committed at Atascadero State Hospital, Felix "had regular behavior problems and, in April 2005, he assaulted a fellow patient." (*Ibid.*)  The San Luis Obispo District Attorney charged Felix with assault (Pen. Code, § 245, subd. (a)(1)), and eventually in March 2010 he was convicted and sentenced to prison.

In the meantime, in October 2006, a jury trial was held on consolidated petitions by the San Francisco County District Attorney to extend Felix's SVP commitment. (*People v. Felix* (2008) 169 Cal.App.4th 607, 613.)  The jury found Felix was an SVP as defined in the SVPA, and on October 20, 2006, the San Francisco County Superior Court ordered Felix committed for an indeterminate term—pursuant to the newly effective SVPA amendments. (*Ibid.*)  The First District Court of Appeal affirmed Felix's SVP commitment (*People v. Felix*, *supra*, 169 Cal.App.4th 607), and he was confined at Atascadero State Hospital while his criminal case in San Luis Obispo moved forward.

---

**3**      We quote from this unpublished opinion, in which Division Six of the Second District Court of Appeal affirmed Felix's latest criminal conviction, solely to provide context for the issues in this appeal. (See *In re W.R.* (2018) 22 Cal.App.5th 284, 286, fn. 2 ["Citation of our prior unpublished opinion is permitted by California Rules of Court, rule 8.1115(b)(1) 'to explain the factual background of the case and not as legal authority.' [Citations.]"].)

4.

After his criminal assault conviction in San Luis Obispo, Felix was transferred to CDCR custody and began his prison sentence at Wasco State Prison. In April 2010, respondent DSH-Coalinga sent a "Notice of Detainer" to CDCR-Wasco, advising that Felix was not to be released at the end of his prison term, due to the standing SVP commitment order of the San Francisco County Superior Court. As a result of this detainer—which Felix's present petition challenges as unlawful—when Felix reached the end of his prison term in December 2013, he was transferred to Coalinga State Hospital to continue his indeterminate SVP commitment instead of being released on parole. He was transferred without any CDCR screening, DSH evaluation, or renewed SVP commitment petition—which Felix likewise claims was contrary to the SVPA and state and federal due process protections.

Since February 2014, Felix has been filing writ petitions, including the present one, seeking immediate release from his SVP commitment based on his contention that it was improper to transfer him to Coalinga State Hospital upon completing his prison sentence, without a pre-release SVP evaluation and renewed SVP commitment proceedings in San Luis Obispo County (the county where he was most recently criminally convicted). In 2014, he filed multiple petitions for writs of mandate in San Francisco County Superior Court (which ordered his SVP commitments), San Luis Obispo County Superior Court (where his assault conviction occurred), and Fresno County Superior Court (based on his confinement at Coalinga State Hospital, in Fresno County); as well as appeals and original writ petitions in their respective Courts of Appeal and in the California Supreme Court. In 2019, Felix filed two habeas petitions in San Francisco Superior Court contesting other aspects of his SVP commitment proceedings. And in 2022, through counsel appointed in his ongoing San Francisco SVP commitment case, Felix filed two habeas petitions with the First District Court of Appeal,

invoking its original jurisdiction.[4]  The petition attached to Felix's reply brief also references a previous habeas petition (not in the record or attached as an exhibit) filed in San Francisco County Superior Court in September 2020 and denied on October 26, 2021.  The outcome of certain of these cases is discussed below, but none have been successful.

      C.      <u>Proceedings</u>

In June 2014, Felix (then representing himself) filed the instant petition for writ of mandate in Fresno County Superior Court, naming the People as the sole respondent. The trial court set the matter for hearing on September 2, 2014, and mailed a notice to Felix at the Coalinga State Hospital post office box listed on the petition.  However, the

---

**4**     Felix attaches a copy of one of the 2022 habeas petitions as exhibit 5 to his reply brief, which is improper because this document is not part of the record on appeal.  (See Cal. Rules of Court, rule 8.204(d) ["A party filing a brief may attach copies of exhibits or other materials *in the appellate record* or copies of relevant local, state, or federal regulations or rules, out-of-state statutes, or other similar citable materials that are not readily accessible."], italics added.)  However, we grant Felix's implied request for judicial notice of the habeas petition and accompanying memorandum to the First District Court of Appeal, dated July 20, 2022, attached to Felix's reply brief as exhibit 5.  (See Evid. Code, § 452, subd. (d).)

Although the attached petition bears no proof of its filing, it is dated July 20, 2022, which matches the filing date shown on the First District Court of Appeal's public docket for *In re Scott Emerson Felix on Habeas Corpus*, case No. A165648, in which Felix was represented by the same attorney who signed the petition.

minute order for the September 2, 2014 hearing reflects that no one appeared for either party.[5]

The register of actions for this case shows no entries for the next four years. On October 23, 2018, the trial court issued a notice of hearing on an order to show cause why the petition should not be dismissed. Felix appeared at the November 2018 hearing, where the court dismissed its order to show cause; and by January 2019 Felix obtained counsel to represent him. At a February 2019 status conference where only Felix and his counsel appeared, the court set a trial setting conference for March 28, 2019.

A few days before the trial setting conference, the Attorney General's office made a special appearance on behalf of DSH-Coalinga to submit a joint request to continue the trial setting conference so that Felix could file an amended petition naming DSH-Coalinga and the Deputy Attorney General could then accept service on the hospital's behalf. The court approved the parties' proposed order continuing the conference to May 23, 2019, and setting a deadline for Felix's amended petition.

---

[5] The proof of service attached to the petition stated Felix served the petition by mail on the clerk of the superior court and the office of the district attorney of Fresno County. These are the same two entities Felix served with his other two petitions for writ of mandate against the People, filed in the Fresno County Superior Court a few months earlier in February 2014. We affirmed the orders dismissing each of those petitions because Felix had not shown proper service on the People. (*Felix v. People of California* (Jun. 8, 2021, case No. F080255) [nonpub. opn.] [affirming order dismissing writ petition for failure to appear telephonically at a hearing, based on lack of prejudicial error given Felix's failure to effect proper service within three years after the action was commenced]; *Felix v. People of California* (Jun. 18, 2020, case No. F078523) [nonpub. opn.] [affirming order dismissing writ petition for failing to effect proper service within three years after the action was commenced].) The same fate might have befallen the present case, had the Attorney General's office not voluntarily appeared on behalf of DSH-Coalinga and agreed to accept service after the three-year period provided in section 583.210. There is no indication, however, that the People were ever properly served; and they have not appeared in this appeal or in the trial court except to join in a motion to change venue.

*The Operative Pleading*

On April 26, 2019, Felix (through counsel) filed his amended petition for writ of mandate naming both the People and DSH-Coalinga as respondents. The amended petition added no new factual allegations, instead incorporating by reference the claims in the original petition. As incorporated in the amended petition, Felix alleges that DSH-Coalinga's April 2010 detainer was unlawful because the SVPA does not specifically authorize such detainers to be issued on a civil detainee who has been "lawfully discharged" (italics and underscoring omitted) from DSH to CDCR. He further alleges that, upon conviction for a new criminal offense, "the prior indeterminate Civil Commitment put into effect by the San Francisco County Superior Court, became null and void, and the new committing county [San Luis Obispo County] was required to initiate the SVPA commitment process anew" before Felix could be transferred to DSH-Coalinga. The petition concludes that the failure to initiate new SVP commitment proceedings before Felix's prison term expired means he "is being detained unlawfully"; and it requests that the trial court issue a writ of mandate "directing that [his] civil commitment be vacated and that [Felix] be immediately released so that he may be continued on State Parole."

*Responsive Motions*

On May 13, 2019, the Attorney General entered a general appearance on behalf of DSH-Coalinga, and the parties on May 21, 2019, stipulated to vacate the upcoming trial setting conference in anticipation of DSH-Coalinga filing a motion to change venue to San Francisco County. On June 11, 2019, DSH-Coalinga filed the contemplated motion to change venue, a motion in which the People joined. Respondents argued that, because Felix was challenging the lawfulness of his detention ordered by the San Francisco County Superior Court in 2006, San Francisco County—not Fresno County—was the proper venue. The court denied the motion on August 27, 2019, because respondents failed to show that venue was improper, as Felix was residing in Fresno County. The

8.

court ordered a response to the amended petition within 35 court days, increased at DSH-Coalinga's request from the initial 10 court days reflected in the court's tentative ruling.

With the benefit of an automatic 30-day extension, DSH-Coalinga complied by filing a demurrer on November 18, 2019.  As relevant here, DSH-Coalinga sought dismissal on the grounds that (1) Felix's claims were barred by res judicata and collateral estoppel based on the denials of his previous writ petitions; (2) the petition was time-barred both for failure to commence the action within four years of its accrual (§ 343) and for failure to bring the action to trial within five years of its commencement (§ 583.310); (3) the court lacked jurisdiction to order the relief requested, which would entail ordering another superior court to vacate Felix's indeterminate civil commitment; and (4) the petition was not properly brought in mandamus because Felix had an adequate remedy in the form of a habeas petition.

*Trial Court's Ruling*

On January 29, 2020, the trial court issued a tentative ruling that would sustain the demurrer as to the claims against the People based on Felix's failure to bring the matter to trial within five years, as required by section 583.310; and as to the claims against DSH-Coalinga because Felix was requesting relief beyond the court's jurisdiction.  The tentative ruling declined to reach the other arguments for dismissal, but the court noted they did "indicate that these establish additional reasons for the demurrer to be sustained."  Finding the noted defects incurable, the tentative ruling would sustain the demurrer without leave to amend.

Oral argument on the demurrer was continued several times due to the outbreak of COVID-19.  During the continuances, Felix attempted to rebut the court's tentative finding that the claims against the People were subject to mandatory dismissal for violating section 583.310's five-year rule.  Felix argued that the court's four-year delay in issuing the order to show cause and DSH-Coalinga's litigation tactics amounting to nearly six months of delay made it "impossible, impracticable, or futile" (§ 583.340,

9.

subd. (c)) to bring the action to trial. These arguments were unavailing, and after oral argument on July 16, 2020, the court adopted the tentative ruling as its final ruling.

*Judgment and Appeal*

In August 2020, the trial court entered judgment dismissing the case. Felix filed a timely notice of appeal challenging the judgment and the underlying order sustaining the demurrer.

Because we granted multiple extensions of time for Felix to designate the record on appeal and for the parties to file conforming briefs, the briefing of this appeal was not completed until January 2023. During the pendency of the appeal, we denied Felix's multiple requests for appointment of counsel. However, we actively monitored the briefing to protect Felix's meaningful access to court. After receiving Felix's opening brief, we issued a letter affording the parties the opportunity to present their views on certain issues not addressed in the trial court's dismissal order; and after receiving DSH-Coalinga's responsive brief, we issued an order in which we summarized DSH-Coalinga's arguments to be addressed in Felix's reply brief.

## DISCUSSION

### I. STANDARD OF REVIEW

On appeal from a judgment of dismissal sustaining a demurrer, we independently review the record—without deference to the trial court's ruling or its reasoning—to determine the legal question of whether the facts alleged state a claim for relief. (See *Bichai v. Dignity Health* (2021) 61 Cal.App.5th 869, 876 (*Bichai*); *Visalia Unified School Dist. v. Superior Court* (2019) 43 Cal.App.5th 563, 568 [describing de novo review].) We accept as true all of the pleading's material factual allegations, unless contrary to law or judicially noticed fact. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865; *SLPR, L.L.C. v. San Diego Unified Port District* (2020) 49 Cal.App.5th 284, 317.)

10.

As the appellant, Felix has the burden to show any error by the trial court in sustaining the demurrer, and the judgment of dismissal will be affirmed if it is correct on any ground asserted in the demurrer, independent of the trial court's stated reasons. (*Bichai*, *supra*, 61 Cal.App.5th at p. 877; see *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

II. ANALYSIS

Felix argues the trial court erred by dismissing the claims against the People under section 583.310 because the court was responsible for the four-year silence that followed the parties' nonappearance at the September 2014 hearing. He further argues that his petition is meritorious, and this court should order his immediate release or, in the alternative, direct the trial court to appoint counsel and hold an evidentiary hearing on the lawfulness of his detention.

DSH-Coalinga counters that the petition's legal claims lack merit, but primarily urges affirmance because (A) the trial court correctly determined Felix failed to bring his claims against the People to trial within five years, pursuant to section 583.310, even when considering applicable tolling provisions; (B) Felix's claims against DSH-Coalinga were barred by any applicable statute of limitation; and (C) the entire action was improperly brought in mandamus when Felix had an available alternative remedy of bringing a habeas corpus petition, which is the preferred vehicle for seeking release from confinement.

We agree with respondent on at least the last point. Rather than undergo a complicated analysis of the accrual and potential tolling of the statutory time limits, we affirm for the simple reason that Felix could pursue, did pursue, and still can pursue other remedies for the present claims. (See *Bichai*, *supra*, 61 Cal.App.5th at p. 877 [we may affirm on any ground asserted in the demurrer, independent of the trial court's stated reasons for dismissal].)

11.

A.    Principles Governing Writs of Mandate

Section 1085, subdivision (a) provides that a writ of ordinary mandate "may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station .…"  Section 1086 provides that a writ of mandate is to be issued in cases "where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." Although the statute does not expressly forbid the issuance of the writ if an adequate alternative remedy exists, "it has long been established as a general rule that the writ will not be issued if another such remedy was available to the petitioner."  (*Phelan v. Superior Court* (1950) 35 Cal.2d 363, 366; see *Villery v. Department of Corrections & Rehabilitation* (2016) 246 Cal.App.4th 407, 410 (*Villery*); *Menefield v. Foreman* (2014) 231 Cal.App.4th 211, 216–217.)  It is the petitioner's burden to show that he did not have an alternative remedy.  (*Phelan*, at p. 366.)

Whether an alternative remedy is "plain, speedy, and adequate," within the meaning of section 1086, is "a question of fact that requires an evaluation of the circumstances of each particular case."  (*Villery*, *supra*, 246 Cal.App.4th at p. 414.) Whether a potential alternative remedy is available "in the ordinary course of law" (§ 1086) is a legal question which "involves an examination of (1) the legal foundation for that remedy and (2) how the remedy relates to the relief sought by the plaintiff" (*Villery*, *supra*, at p. 415).

B.    Availability of Alternative Remedy

The relief Felix sought through his amended petition was his immediate release from civil confinement at DSH-Coalinga and the vacatur of his SVP commitment.  This mandamus petition is a poor vehicle for obtaining this relief because it is not clear how the named respondents—the state hospital and the People—have the capacity, much less a duty, to "vacate" the San Francisco Superior Court's indeterminate commitment order or to release Felix in the face of that order.  (See § 1085, subd. (a) [authorizing writ of

12.

mandate "to compel the performance of an act which the law specially enjoins, as a duty"]; *Villery*, *supra*, 246 Cal.App.4th at p. 413 [§ 1085, subd. (a) requires, among other things, "a clear, present … duty upon the part of the respondent"].)  Moreover, writs of mandate in general are not the way for those in custody to challenge the legality of their confinement.  Rather, a writ of habeas corpus, addressed by Penal Code section 1473, subdivision (a), is specifically made available to any "person unlawfully imprisoned or restrained of their liberty, under any pretense."  For those in actual or constructive custody, a petition for writ of habeas corpus is the preferred method by which to challenge the constitutionality of their confinement.  (*People v. Picklesimer* (2010) 48 Cal.4th 330, 339.)

Habeas relief is available to challenge one's civil confinement as an SVP, both as a general matter and as expressly provided in the SVPA.  (See Pen. Code, § 1473, subd. (a) [authorizing habeas petition for any "person unlawfully … restrained of their liberty, under any pretense"]; *People v. Smith*, *supra*, 75 Cal.App.5th at p. 344 [citing Welf. & Inst. Code, § 7250]; *People v Johnson* (2015) 235 Cal.App.4th 80, 88 [same]; cf. *People v. Talhelm*, *supra*, 85 Cal.App.4th at p. 404 [deeming Pen. Code, § 1473 broad enough in scope to encompass SVPA commitment proceedings].)  Success on a habeas petition raising the present claims in the San Francisco County Superior Court, or its controlling appellate court (the First District Court of Appeal), would afford Felix the full relief he seeks.[6]  Thus, a habeas remedy is available for Felix's claims in the ordinary course of law.  (See § 1086; *Villery*, *supra*, 246 Cal.App.4th at p. 415.)

The habeas remedy is also "plain, speedy, and adequate."  (§ 1086.)  As just discussed, a habeas petition would be adequate to obtain the full relief requested.  Felix offers no persuasive reasons to think this remedy is not also plain and speedy.  He first

---

**6**     We express no opinion on Felix's likelihood of success on the merits in such a habeas petition.

13.

argues that no courts other than the Fresno County Superior Court have "jurisdiction" any longer because of his time in CDCR custody, and "to seek a hearing in a juri[s]diction that lost jurisdiction would be a waste of the court['s] time." However, this jurisdictional conclusion is not Felix's to make. The San Francisco County Superior Court is still the court overseeing his civil SVP commitment—and receiving ongoing annual reports. (See Welf. & Inst. Code, § 6604.9.) It is the court that ordered Felix's indeterminate commitment, and it is the court to which Felix should direct and has directed (in parallel proceedings) his present claims for release.

Second, Felix argues that Fresno County Superior Court became the "proper jurisdiction" once it held the February 2019 "hearing," and he was no longer required to pursue alternative remedies. First, the minute order describes the February 14, 2019 hearing type as a "Status Conference," and in any event a court's holding of a hearing does not necessarily establish its jurisdiction. It certainly does not preclude us from considering the availability of other alternatives to the present mandamus petition.

Finally, Felix argues that he was unable to file a habeas petition because he was represented by court-appointed attorneys in San Luis Obispo and San Francisco. As established by the cases Felix cites, it is true a represented party may not file submissions to the court except through their attorney of record in the case. (See *In re Barnett* (2003) 31 Cal.4th 466, 471; *People v. Merkouris* (1956) 46 Cal.2d 540, 554–555.) But the fact that a litigant has counsel in one case does not bar them from bringing and litigating a separate case on their own behalf.

Felix's ability to file habeas petitions, either on his own behalf or through appointed counsel, is apparent from the petitions he filed both in San Luis Obispo County

Superior Court in 2014 and in San Francisco County Superior Court in 2020—followed by further habeas petitions in the First District Court of Appeal just last year.[7]

The San Luis Obispo County Superior Court denied Felix's in propria persona writ of mandate petition filed in February 2014 in which he sought release from custody due to the failure to recommence his SVP commitment process after his prison term. In its March 4, 2014 order, the San Luis Obispo County Superior Court construed the petition as a habeas petition and denied it for failure to state a prima facie claim for relief. In rejecting Felix's claims, the court concluded that Felix's 2010 criminal conviction "has no bearing" on his status as an SVP; and that if the detainer issued by DSH-Coalinga was unlawful, "it had nothing to do with the actions or proceedings taken by the San Luis Obispo County Superior Court."

In his habeas petition filed through counsel in the First District Court of Appeal in July 2022, Felix again asserted that the government's failure to evaluate him before his 2013 release from prison "divested the [San Francisco County Superior Court] of jurisdiction over any civil commitment proceedings after Felix served his prison

---

**7** On our own motion, we take judicial notice of the March 4, 2014, order of the San Luis Obispo County Superior Court in case No. F383966, which was presented for judicial notice in this case without any record of the trial court acting on that request. We also take judicial notice of the public dockets of the First District Court of Appeal in *In re Scott Emerson Felix on Habeas Corpus*, case No. A165648 (filed July 20, 2022), and *In re Scott Felix on Habeas Corpus*, case No. A166969 (filed Jan. 17, 2022), available at <https://appellatecases.courtinfo.ca.gov/search.cfm?dist=1>. These documents are the proper subject of judicial notice and are not of substantial consequence to our determination of this appeal. (See Evid. Code, §§ 452, subds. (d) & (h) [records of any state court and facts not reasonably subject to dispute and capable of immediate and accurate determination], 459, subd. (d) [parties shall be afforded the opportunity to challenge judicial notice if matter is not in the record and is of substantial consequence to the determination of the appeal].)

Nevertheless, because Felix is confined at an institution where he has little or no internet access, we append to this opinion printouts of the First District Court of Appeal's online dockets in these cases.

sentence." The First District denied the petition on July 22, 2022, for failure to exhaust all claims in the superior court (referencing an October 26, 2021 denial of Felix's previous habeas petition in the San Francisco County Superior Court), failure to show why Felix did not possess other remedies such as a motion in the SVPA proceeding, and failure to provide an adequate record for review. The order instructs: "To avoid piecemeal review of petitioner's claims, all arguments related to the Grounds for relief asserted in this court … shall be initially exhausted in the superior court." And it concludes with an admonition that any refiled petition in the Court of Appeal would need to explain how it cured these deficiencies. On February 9, 2023, the First District summarily denied Felix's other recent habeas petition by referring back to the July 22, 2022 order.

As shown by Felix's ability to bring petitions sounding in habeas and raising the same claims asserted in the instant writ of mandate petition, the habeas remedy has been available to him all along. In these parallel proceedings, Felix has regularly been informed that the San Francisco County Superior Court is the proper jurisdiction in which to challenge his continued confinement based on his theory that his intervening prison term nullified his indeterminate SVP commitment.[8] Concurrently with the prosecution of this appeal, he was in fact pursuing a habeas remedy in that court, and subsequently in the First District Court of Appeal. Felix's lack of success in his writ proceedings to date does not convince us that a habeas remedy is unavailable or inadequate in this case. It appears that compliance with the governing rules and procedures would enable his habeas

---

[8]     We acknowledge that a habeas petition seeking release based on an alleged improvement in mental condition would properly be brought in Fresno County Superior Court. (See Welf. & Inst. Code, § 7250 [authorizing habeas petition to "the judge of the superior court of the county in which the hospital is located" and requiring consideration of the person's medical history and mental condition].)

16.

petition to be heard on the merits in the San Francisco County Superior Court which has been handling his SVP proceedings for over 20 years.[9]

Accordingly, we affirm the dismissal of Felix's petition for writ of mandate because he has not shown why a habeas petition was not an adequate alternative remedy. (See *Phelan v. Superior Court*, *supra*, 35 Cal.2d at p. 366 [petitioner's burden]; *Polanski v. Superior Court* (2009) 180 Cal.App.4th 507, 552–555 [accepting the availability of habeas relief as an alternative remedy that defeats a petition for writ of mandate to dismiss criminal charges].)

## DISPOSITION

The judgment is affirmed. The parties shall each bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

FRANSON, Acting P. J.

WE CONCUR:

PEÑA, J.

SNAUFFER, J.

---

[9] As the ostensible October 26, 2021 order of the San Francisco County Superior Court denying Felix's September 2020 habeas petition is not part of the record and is not publicly available, it is not clear whether these claims already have been denied on their merits.

17.

**APPENDIX**

# Appellate Courts Case Information

## 1st Appellate District

Change court ⌄

## Docket (Register of Actions)

**In re SCOTT EMERSON FELIX on Habeas Corpus**
**Division 5**
**Case Number A165648**

| Date | Description | Notes |
|---|---|---|
| 07/20/2022 | Petition for a writ of habeas corpus filed. | |
| 07/20/2022 | Exhibits lodged. | Exhibit A: Chronological Compendium of Minute Orders, Transcript and Filings<br><br>Labeled A - 1 to A - 80 |
| 07/20/2022 | Filed proof of service. | |

18.

| 07/22/2022 | Order denying petition filed. | BY THE COURT:* |
|---|---|---|
| | | The petition for writ of habeas corpus is denied. |
| | | Petitioner has not met his burden of demonstrating exhaustion of all of his claims in the superior court. (See In re Steele (2004) 32 Cal.4th 682, 692; In re Hillery (1962) 202 Cal.App.2d 293, 294.) While the petition alleges petitioner presented all asserted Grounds in the superior court ~ (Petn., p. 10, para. IV)~, it does not appear all arguments related to those Grounds were exhausted below. For example, the petition discusses a January 1, 2022 amendment to Welfare and Institutions Code section 6601 and argues that statute was violated. (See Petn., pp. 16, 25.) Since the superior court denied habeas corpus relief on October 26, 2021, it does not appear that issue was exhausted below. To avoid piecemeal review of petitioner's claims, all arguments related to the Grounds for relief asserted in this court (including any other unexhausted arguments not identified in this order) shall be initially exhausted in the superior court. |
| | | Additionally, habeas corpus is not available when an accused has a plain, speedy, and adequate remedy by some other appropriate method provided by law. (See In re Clark (1993) 5 Cal.4th 750, 764, fn. 3.) The petition summarily alleges that petitioner has no other adequate remedy at law since "[t]he issues set forth in this petition cannot be fairly considered on direct appeal, as appeal is premature." (Petn., p. 10, para. V.) However, counsel does not elaborate on this point by explaining why petitioner does not possess other adequate remedies through a motion in the Sexually Violent Predator Act proceeding, and thereafter on appeal. |
| | | Furthermore, petitioner's counsel has not provided an adequate record to enable informed review. (People v. Duvall (1995) 9 Cal.4th 464, 474.) While not intended to comprise an exhaustive list, the petition does not include the following: (a) copies of all previously filed petitions, pursuant to California Rules of Court, rule 8.384(b)(1), (b) copies of documents filed in the superior court habeas corpus proceedings leading to that court's October 26, 2021 order, including but not limited to the exhibits appended to petitioner's superior court habeas corpus petition (Exhibits A through N), the return and denial, and documents judicially noticed by the superior court (see Oct. 26, 2021 Order, p. 2 & fn. 1), and (c) petitioner's request for judicial notice (Petn., p. 11) does not comply with California Rules of Court, rule 8.252(a) (see rule 8.386(e)), in that petitioner has not filed a separate motion including the statements and documents required by that rule. |
| | | Finally, the exhibits accompanying the petition do not include exhibit numbers with a brief description of the exhibit, or a master chronological and alphabetical index, as required by California Rules of Court, rule 8.74(a)(3) & (a)(5). Nor does the petition itself cite to exhibits by "its index number or letter and page," as required by rule 8.384(a)(3). |
| | | Any refiled petition in this court shall acknowledge the deficiencies outlined in this court's order, and explain how the refiled petition and record cures those issues. |
| | | * Before Simons, Acting P.J. and Wiseman, J. (Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.) |
| 07/22/2022 | Case complete. | |

**Click here** to request automatic e-mail notifications about this case.

# Appellate Courts Case Information

1st Appellate District

Change court ⌄

## Disposition

**In re SCOTT FELIX on Habeas Corpus**
**Division 5**
**Case Number A166969**

| Description: | Petition summarily denied by order |
|---|---|
| Date: | 02/09/2023 |
| Disposition Type: | Final<br>BY THE COURT:* Petitioner's request for judicial notice of the exhibits accompanying the petition is denied as unnecessary. (See People v. Duvall (1995) 9 Cal.4th 464, 474 [habeas corpus petition should "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations"]; see also In re Reno (2012) 55 Cal.4th 428, 484 [petitioners need not request judicial notice of documents connected with past appeals since the court routinely consults such documents even without a formal request].) The petition for writ of habeas corpus is denied. (In re Reno, supra, 55 Cal.4th at pp. 452-455; In re Clark (1993) 5 Cal.4th 750, 767-769, 774, 782-799; In re Robbins (1998) 18 Cal.4th 770, 780; see Robinson v. Lewis (2020) 9 Cal.5th 883, 902; People v. Duvall (1995) 9 Cal.4th 464, 474; In re Seaton (2004) 34 Cal.4th 193, 199-200; In re Dixon (1953) 41 Cal.2d 756, 759; In re Swain (1949) 34 Cal.2d 300, 303-304; People v. Duvall, supra, 9 Cal.4th at p. 474; see also this court's July 22, 2022 Order in case No. A165648.) * Before Burns, Acting P.J. and Wiseman, J. (Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.) |
| Publication Status: | |
| Author: | |